UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY RAY YBARRA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00064-JDP<br><br><br>ORDER DENYING MOTION FOR ATTORNEY FEES<br><br><br>ECF No. 29 |

In this Social Security appeal, plaintiff Tony Ray Ybarra ("claimant") moves for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and for costs under 28 U.S.C. § 1920. ECF No. 29. The Commissioner opposes the motion. ECF No. 30. Having considered the parties' positions, relevant legal authority, and the record in this case, we will deny plaintiff's motion for the reasons set forth below.

**I.　Background**

There are four steps in the Social Security Administration's ("SSA") disability-determination process:

> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.

1

> (2) Reconsideration. If you are dissatisfied with an initial
> determination, you may ask us to reconsider it.
> (3) Hearing before an administrative law judge. If you are
> dissatisfied with the reconsideration determination, you may
> request a hearing before an administrative law judge.
> (4) Appeals Council review. If you are dissatisfied with the
> decision of the administrative law judge, you may request that the
> Appeals Council review the decision.

20 C.F.R. § 404.900(a). At the fourth step, the Appeals Council may take three types of action: "(1) it may grant a request for review; (2) it may deny a request for review; or (3) it may dismiss a request for review." Acquiescence Ruling 99-4 (11).

There has been uncertainty about whether the third type of action—dismissal of a request for review[1]—is judicially reviewable under 42 U.S.C. § 405(g).[2] SSA's position had long been that such dismissals were not judicially reviewable. *See* Acquiescence Ruling 99-4 (11). The circuit courts split on the issue, but the U.S. Court of Appeals for the Ninth Circuit agreed with SSA, holding that an Appeals Council dismissal of an appeal as untimely was not judicially reviewable. *See Matlock v. Sullivan*, 908 F.2d 492, 493-94 (9th Cir. 1990). In 2019, the Supreme Court granted certiorari to decide the question. *Smith v. Comm'r of Soc. Sec.*, 880 F.3d 813 (6th Cir. 2018), *cert. granted sub nom. Smith v. Berryhill*, 139 S. Ct. 451 (2018).

Unexpectedly, the Solicitor General filed a brief in *Smith* taking a position contrary to SSA's prior policy and Ninth Circuit precedent:

> [A]lthough the court of appeals in this case adopted the position the
> government has long maintained, this case and the now-further-
> entrenched circuit conflict prompted the government to reconsider
> that position. . . . [T]he government [now] agrees . . . that a
> decision of SSA's Appeals Council dismissing as untimely a
> request for review of an ALJ decision after a hearing is a 'final
> decision' subject to judicial review under 42 U.S.C. [§] 405(g).

---

[1] The Appeals Council may dismiss a request for review because of a request's untimeliness.
[2] 42 U.S.C. § 405(g) provides, in part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action . . . ."

2

Brief for Respondent at 31, *Smith v. Berryhill*, No. 17-1606 (U.S. May 28, 2019), 2018 WL 4586263, at *31. The Supreme Court agreed with the Solicitor General, abrogated Ninth Circuit precedent, and held that "where the SSA's Appeals Council has dismissed a request for review as untimely after a claimant has obtained a hearing from an ALJ on the merits, that dismissal qualifies as a 'final decision . . . made after a hearing' within the meaning of § 405(g)." *Smith v. Berryhill*, No. 17-1606, 2019 WL 2257159, at *10 (U.S. May 28, 2019). Because a dismissal for untimeliness is a "final decision," it is reviewable under § 405(g).

The instant case was litigated against this backdrop. The ALJ issued an unfavorable decision to the claimant on February 18, 2016. AR 416-37. Claimant appealed the ALJ's decision to the Appeals Council, and the Appeals Council dismissed the appeal as untimely on November 13, 2017. AR 405-07. Thereafter, on January 14, 2019, claimant filed a complaint under 42 U.S.C. § 405(g), seeking judicial review. ECF No. 1. In claimant's opening brief, he argued that judicial review of the Appeals Council's dismissal of his appeal was appropriate based in part on the Solicitor General's brief filed in *Smith*. ECF No. 16 at 7-8 ("Because the government has disavowed the substantive content of Acquiescence Ruling 99-4 (11), Ybarra can seek review of the final decision of the Commissioner. The Appeals Council's action rejecting exceptions without facially permitting court review was improper. The Court has jurisdiction over this matter and should proceed to the merits.").

Rather than opposing claimant's brief, the Commissioner moved to stay the case. *See* ECF No. 21 ("In view of the Government's position in *Smith* and the Supreme Court's grant of certiorari, the Commissioner requests that the Court extend the time for the Commissioner to file a responsive pleading until 30 days after the Supreme Court issues a decision."). We denied the motion to stay, ECF No. 22, and the parties ultimately stipulated to remand the case for further administrative action, ECF No. 26 ("On remand, the Appeals Council will evaluate whether Plaintiff's exceptions to the ALJ's decision were submitted to the Appeals Council timely, and if timely, the Appeals Council will evaluate the exceptions and additional evidence submitted. The parties further request that the Clerk of the Court be directed to enter a final judgment in favor of Plaintiff, and against Defendant.").

**II. Discussion**

On April 22, 2019, claimant petitioned the court for attorney fees, costs, and expenses under the EAJA. ECF No. 29. The EAJA provides that a prevailing party other than the United States is entitled to attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A prevailing party is awarded attorney fees if they "received an enforceable judgment on the merits or a court-ordered consent decree," *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) (internal citation omitted), and "seek an award of [attorney] fees . . . within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). Here, claimant is the prevailing party because he received a remand in his favor. *See Decker v. Berryhill*, 856 F.3d 659, 661 (9th Cir. 2017).

A prevailing party is entitled to an award of attorney fees under the EAJA if the United States' or government's position was not "substantially justified." *Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007). A position is substantially justified if it has a "reasonable basis both in law and fact," and is justified to a degree that would satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 563, 565 (1998); *accord Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government has the burden of showing that its position was substantially justified. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). In the Social Security context, when a case is remanded, courts focus on "whether the government's position on the particular issue on which the claimant earned remand was substantially justified" rather than the government's ultimate disability determination. *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010); *accord Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995).

When evaluating whether the government's position is substantially justified, the court evaluates the government's position and the underlying agency's position "as a whole and not at each stage." *Ibrahim v. U.S. Dep't of Homeland Sec.*, No. 14-16161, 2019 U.S. App. LEXIS 13, 2019 WL 73988, at *13 (9th Cir. Jan 2, 2019). In the Social Security context, "[i]f the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner of Social Security." *Meier*, 727 F.3d at 871. Here, the Appeals Council did not deny review; rather,

it dismissed the appeal as untimely, making this decision the "final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). Therefore, we will evaluate whether the Appeals Council decision and the government's litigation position, treated as "an inclusive whole, rather than as atomized line-items," were substantially justified. *Ibrahim*, 2019 U.S. App. LEXIS 13, 2019 WL 73988, at *16.

The Commissioner opposes claimant's petition for fees, arguing that her position was substantially justified because the issue in this case—whether an Appeals Council rejection of an appeal as untimely was a final decision reviewable under 405(g)—was "an unresolved legal issue." ECF No. 30 at 5. Given the legal uncertainty, the Commissioner contends that her position—both at the Appeals Council and in litigation—was "reasonably based on the law at that time" and therefore substantially justified. *Id.* at 6. In opposition, claimant contends that since the court did not hear this case on the merits, the Commissioner cannot now claim substantial justification. ECF No. 31 at 3 (citing *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010)) ("The court should never reach an issue in fee litigation which the court did not reach in the merits litigation.").

After weighing the arguments, we conclude that the Commissioner has met her burden of showing that her position was substantially justified. The primary issue in this case—on which we are required to focus in evaluating substantial justification, *see Flores*, 49 F.3d at 569— is whether an Appeals Council rejection of an appeal as untimely was a final decision reviewable under 405(g). When the Appeals Council dismissed claimant's appeal as untimely, Ninth Circuit precedent provided that such dismissals were not judicially reviewable. *See Matlock*, 908 F.2d at 493-94. Later, during litigation, the Commissioner learned of the Solicitor General's position in *Smith* and then moved to stay the case. Ultimately the Commissioner remanded the case voluntarily to the Appeals Council for reconsideration. ECF No. 27. Since (1) the Appeals Council followed then-existing precedent, and (2) the Commissioner's litigator remanded the case when the law became uncertain, we do not find the Commissioner's position to have been unreasonable. *See Allen-Howard v. Comm'r Soc. Sec. Admin.*, 615 F. App'x 402, 403 (9th Cir. 2015) (concluding that the Commissioner's decision was substantially justified when the "district

5

courts of this circuit have split on this question, and there was no controlling authority to guide the ALJ"); *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) (opining that agency remands may be substantially justified in cases "where the government seeks a remand due to intervening case law, because of unclear controlling case law, or where the Agency should have an opportunity to adjudicate a new claim for relief in the first instance"); *Minor v. United States*, 797 F.2d 738, 739 (9th Cir. 1986) (upholding district court's finding of substantial justification when the dispositive issue was not "subject to resolution by clear, controlling precedent").

Claimant's argument in opposition—that the court cannot determine substantial justification in cases resulting in stipulated remand—is unavailing. Specifically, claimant argues that "[w]hen the Commissioner stipulates to a remand and therefore asks the court not to reach the merits of the ALJ decision or the position in initially defending this action in federal court, the Commissioner removes the arrow of substantial justification from the quiver of defenses found in the EAJA." ECF No. 31. Claimant cites no case directly supporting this proposition,[3] and his position is foreclosed by *Li v. Keisler*, 505 F.3d 913, 920 (9th Cir. 2007).

*Li* involved a consolidated appeal following the voluntary remand of three immigration claims to the Board of Immigration Appeals. The plaintiffs in these cases applied for attorney fees under EAJA. 505 F.3d at 915-16. The Ninth Circuit acknowledged that in the context of voluntary remands, "the inquiry related to the substantial justification of the government's position raises difficult issues." *Id.* at 918.

> In effect, this situation requires the government to justify an Agency position which it has subsequently determined may be problematic, even if the government does not necessarily concede a prejudicial legal error. Moreover, the parties in these situations address the question of substantial justification solely in the papers for the fees, without full briefing on the merits of the underlying case. This scenario makes it difficult for the parties to argue, and for us to evaluate, whether the government's conduct was substantially justified throughout the Agency proceedings as well as during the litigation before us. *See* 28 U.S.C. § 2412(d)(2)(D).
> This problem is further complicated by countervailing policy considerations. On the one hand, we acknowledge that the

---

[3] Claimant instead relies on *Hardisty*, but that case did not involve a voluntary remand.

6

| | government should retain the flexibility to voluntarily remand in order to correct prior actions that have been subsequently called into question by emerging case law, claims of changed circumstances, or other novel considerations. *See INS v. Ventura,* 537 U.S. 12 (2002) (per curiam) (reversing court of appeals for failing to remand and to allow the BIA to consider claim of changed country conditions the BIA had not previously adjudicated); *Ren v. Gonzales,* 440 F.3d 446, 448 (7th Cir. 2006) (granting government's motion to remand petition for review to the BIA for reconsideration "in light of the emerging case law" regarding asylum). This gives the Agency an opportunity to address these new factors in the first instance, and the court should avoid discouraging this valuable procedure. |

*Id.* at 918-19 (9th Cir. 2007). Upon weighing these policy considerations and others, the court "conclude[d] that EAJA's standards are best served by considering the likely reason behind the voluntary remand in question." *Id.* at 919. Applying this standard to the fee application in *Li*, the Ninth Circuit held that the government's position was substantially justified. *Id.* at 920. Therefore, *Li* implicitly rejects claimant's proposition that an agency may never be substantially justified in the context of a voluntary remand.

Considering the foregoing, we conclude that claimant is not entitled to fees under the EAJA. We will also deny plaintiff's request for costs under 28 U.S.C. § 1920. Plaintiff adduces proof that he incurred $14.16 in postage expenses, ECF No. 29-5, but postage is not recoverable as a cost under § 1920, *see HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 962 n.20 (D. Ariz. 2013).

**III.    Order**

Accordingly, claimant's motion for costs, attorney's fees and expenses, ECF No. 29, is denied.

IT IS SO ORDERED.

Dated:   June 17, 2019                                          _____
                                                                                    UNITED STATES MAGISTRATE JUDGE

No. 203