1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TONY RAY YBARRA,                          Case No.  1:18-cv-00064-HBK

12              Plaintiff,                      ORDER GRANTING PLAINTIFF'S MOTION
                                                FOR ATTORNEY'S FEES UNDER 406(b)
13        v.
                                                (Doc. No.  33)
14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                Defendant.
16

17        Lawrence D. Rohlfing ("Counsel") of the Law Offices of Lawrence D. Rohlfing, attorney

18   for Tony Ray Ybarra ("Plaintiff") moved on June 14, 2021 for attorneys' fees pursuant to 42

19   U.S.C. § 406(b).  (Doc. No. 33).  Plaintiff was served with the motion and told he had 14 days to

20   object. (*Id.* at 2).   The Commissioner of Social Security filed a response to the motion.  (Doc.

21   No. 35).  Plaintiff has not filed an opposition to the motion as of the date on this order.  (*See*

22   docket).   On July 28, 2021, the Court issued a text only order directing counsel for Plaintiff to

23   clarify a discrepancy in the amount awarded to Plaintiff as set forth in the motion and response.

24   (Doc. No. 37).  Plaintiff filed a Response to the Court's Order on August 5, 2021.  (Doc. No. 38).

25        For the reasons below, the Court grants the motion for attorney's fees in the amount of

26   $27,299.00, subject to an offset of $4,836.52 in fees already awarded in a related-case proceeding

27   at case number 1:12-cv-01715-BAM, pursuant to the Equal Access to Justice Act (EAJA), 28

28   U.S.C. § 2412(d).

## I.       BACKGROUND

Lawrence D. Rohlfing's law firm represented Plaintiff in the instant case and in case number 1:12-cv-01715-BAM.  In the instant case, on May 2, 2019, Plaintiff filed a motion for the Award of Attorney's Fees and Expenses pursuant to the EAJA and costs pursuant to 28 U.S.C. § 1920.  (Doc. No. 29).  The Commissioner filed an opposition.  (Doc. No. 30).  On June 18, 2019, the former Magistrate Judge denied Plaintiff's counsel's attorneys' fees and costs in this case. (Doc. No. 32).  Proceeding in case number 1:12-cv-01715-BAM, Plaintiff also filed a motion for attorneys' fees and costs.  (Doc. No. 22).  The Commissioner filed an opposition.  (Doc. No. 26). The Magistrate Judge assigned in that case granted in part counsel's motion for attorneys' fees and costs under the EAJA.[1]  (Doc. No. 30).

Plaintiff's counsel now seeks additional fees under 42 U.S.C. § 406(b) from Plaintiff's past-due benefits.  (Doc. No. 33).  Specifically, Plaintiff's counsel requests a net award of $22,462.48 in 406(b) fees, recognizing an offset of the $4,836.52 EAJA fees paid in Plaintiff's related case.  (*Id.* at 1, 7-8).  Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain a percentage of the past-due benefits. (*Id.* at 6).  The Commissioner filed a response in its role "resembling that of a trustee."  (Doc. No. 35).  The response was filed for purposes of providing an analysis on the fee request but the Commissioner "takes no position of the reasonableness of the request."  (*Id.* at 5).

## II.       APPLICABLE LAW

Title 42 U.S.C. 406(b) allows the Court to award counsel for successful claimant fees for services performed before the Court.  The fees awarded must be "reasonable" and must not be "in excess of 25 percent of the total past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b).  The Supreme Court held that § 406(b) does not displace contingent-fee arrangements between plaintiffs and their counsel, but rather "calls for court review of such arrangements as an

---

[1] In Case No. 1:12-cv-01715-BAM, the order granting in part and denying in part Plaintiff's motion for attorneys' fees and costs under the EAJA slightly reduced the number of hours billed and the attorneys' hourly amount by approximately $2.00.  (Doc. No. 30 at 1, 3).  So, the Court concludes the amount awarded was $4,836.42 as indicated in the order and in part in his Reply, *see* Doc. No. 38 at 3, line 5, not $4,838.42 represented elsewhere in Reply, *Id.* at 3, lines 6, 21.

1    independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v.*

2    *Barnhart*, 535 U.S. 789, 807 (2002).  Because an attorney may not recover fees for services

3    performed under both EAJA and § 406(b), a claimant's attorney seeking fees under both EAJA

4    and § 406(b) must reimburse the claimant the amount of the smaller fee received.  *Gisbrecht*, 535

5    U.S. at 796.

6         In *Gisbrecht*, the Supreme Court set forth the factors courts should consider to determine

7    the appropriate award of attorney's fees. Courts must first turn to the contingent-fee agreement

8    and determine whether it is reasonable.  535 U.S. at 808.  Courts next must assess whether the

9    attorney is responsible for any delay in which accumulation of benefits from such would result in

10    an unjust award of fees to the attorney.  *Id*.  Finally, courts must assess the overall benefits

11    awarded to the claimant compared to the number of hours spent by the attorney in representation

12    of the claimant.  *Id*.

13         Fees in social security cases "are usually set in contingency-fee agreements and are

14    payable from past-due benefits awarded to the claimant."  *Biggerstaff v. Saul*, 840 F. App'x 69, 70

15    (9th Cir. 2020).  The fee is not *borne* by the Commissioner.  *Crawford v. Astrue*, 586 F.3d 1142,

16    1147 (9th Cir. 2009).  This provision's purpose is in part to "ensure that attorneys representing

17    successful claimants would not risk nonpayment of [appropriate] fees."  *Gisbrechtt,* 535 U.S. at

18    805 (internal quotations omitted).  When weighing the adequacy of requested attorney's fees,

19    Courts should respect "the primacy of lawful attorney-client fee agreements."  *Id.* at 793.

20    Counsel still bears the burden, however, of showing the requested fees are reasonable.  *Id.* at 807.

21    In determining reasonableness, the Court may consider the experience of the attorney, the results

22    they achieved, and whether there is evidence the attorney artificially increased the hours worked

23    or the hourly rate charged.  *Id.* at 807-808; *Crawford*, 586 F.3d at 1151.  Any § 406(b) award is

24    offset by attorney fees granted under the EAJA.  *Parrish v. Comm'r of Soc. Sec. Admin*., 698 F.3d

25    1215, 1219 (9th Cir. 2012).

26                   **III.**     **ANALYSIS**

27         Here, Plaintiff signed a fee agreement providing that Counsel "shall receive 25% of

28    backpay awarded to Plaintiff."  (Doc. No. 33-1, "Agreement").  The Agreement is consistent with

1  42 U.S.C. § 406(b)(1)(A) insofar as it allows a fee of up to, but not in excess of 25% of the past-

2  due benefits.  Counsel was successful in securing benefits of approximately $101,190.00.  (Doc.

3  No. 25 at 1).  Counsel states he spent 36.84 hours representing Plaintiff in both cases.  (Doc. No.

4  33 at 3).  Supporting the motion, Counsel submits a timesheet showing they expended 40.59

5  hours of work in both cases (33.14 hours attorney time, 7.45 hours of paralegal time).  (Doc. No.

6  33-4 at 1-4).  The time Counsel spent toward successfully attaining Plaintiff's benefits does not

7  appear inflated.  Nor do any facts suggest Counsel was responsible for undue delay in the case.

8      The fees Counsel seeks are reasonable in comparison to the amount of time Counsel spent

9  on the case.  After the reimbursement of the $4,836.52 EAJA fee, the net cost to Plaintiff from his

10  past-due benefits received would total $22,462.48 ($101,190.00 – $4836.52).  (*Id.* at 10).  Thus,

11  Counsel seeks an award of fees totaling approximately 21% of Plaintiff's past-due benefits

12  received, well below the amount stipulated to in the contingency agreement.  Counsel and his

13  paralegal's hourly rate equal approximately $548.00.  In 2008, the Ninth Circuit found similar

14  hourly rates reasonable in social security contingency fee arrangements.  *Crawford*, 586 F.3d at

15  1153 (explaining that the majority opinion found reasonable effective hourly rates equaling

16  $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part).  More

17  recently, this Court approved an hourly rate of $1,025.22 for paralegal and attorney time.

18  *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, Doc. No. 24, at 5 (E.D. Cal. March

19  19, 2020).  The *Gisbrecht* factors weigh in favor of finding the requested $22,462.48 fee to be

20  reasonable.

21      Upon consideration of Counsel's hours expended and the relevant factors, the Court finds

22  the fees requested by Plaintiff's counsel reasonable.  Therefore, the Court orders an award of

23  $27,299.00 pursuant to § 406(b) subject to reimbursement of $4,836.52 in EAJA fees previously

24  paid for net fee due of $22,462.48.

25      Accordingly, it is **ORDERED**:

26      1.  Plaintiff's Counsel Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (Doc.

27  No. 33) is GRANTED.  Counsel is awarded $27,299.00 pursuant to § 406(b) subject to

28  reimbursement of $4,836.52 in EAJA fees previously paid for net fee due of **$22,462.48.**

2.  Pursuant to Counsel's request, this amount shall be paid directly to the Law Offices of Lawrence D. Rohlfing by the Commissioner from the remainder of the benefits due to Plaintiff.

Dated:    August 6, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5